**LEVY KONIGSBERG** LLP
ATTORNEYS AT LAW
800 THIRD AVENUE
NEW YORK, N.Y. 10022
———
(212) 605-6200
FAX: (212) 605-6290
WWW.LEVYLAW.COM

NEW JERSEY OFFICE
QUAKERBRIDGE EXECUTIVE CENTER
101 GROVERS MILL ROAD
LAWRENCEVILLE, NJ 08648
TELEPHONE: (609) 720-0400
FAX: (609) 720-0457

ALBANY OFFICE
90 STATE STREET
ALBANY, NEW YORK 12207
TELEPHONE: (518) 286-5068

*RECEIVED & FILED*
*2018 JUN 18 P 12*
*MASS TORT CIVIL*
*MIDDLESEX VICINAGE*

June 15, 2018

**_Via Federal Express_**
Clerk, Superior Court of New Jersey
Middlesex County Courthouse
Multi County - Asbestos Litigation
56 Patterson Street, Tower Bldg., 2nd Floor
New Brunswick, NJ 08903

> **Re: Joseph Anthony Jaconia, Individually and as Executor
> and as Executor Ad Prosequendum of the Estate of
> Lamona Jaconia v. 3M Company, et al.
> Docket No. MID-L-2995-17AS**

Dear Mr. Klein:

Enclosed for filing please find an original and one (1) copy of Plaintiff's First Amended Complaint, together with an Order signed by the Honorable Ana C. Viscomi, on June 7, 2018; permitting such filing. This First Amended Complaint adds IMERYS USA INC. and IMERYS TALC VERMONT, INC. as additional defendants. No other changes have been made.

I would appreciate it if you would file the original and return a file stamped copy to this office in the enclosed self-addressed, stamped envelope provided.

If you have any questions, please do not hesitate to contact me.

Thank you.

Very truly yours,
LEVY KONIGSBERG, LLP

By: Maria Mastrogiacomo
Legal Assistant

cc:   all counsel of record

LEVY KONIGSBERG LLP
DOCUMENTS WERE RECEIVED BY:
___MAIL ___EXPRESS ___CERTIFIED ___UPS
___FEDEX ___DHL ___BY-HAND ON:

{00410580.DOCX}

06-20-2018 P12:06

RECEIVED & FILED

2018 JUN 18 P 12:19

MASS TORT CIVIL DIV.
MIDDLESEX VICINAGE

Levy Konigsberg, LLP
By: Robert Ellis, Esq. (ID#203162017)
     800 Third Avenue, 11th Floor
New York, New York 10022
(212)605-6200


Attorneys for Plaintiffs


| | |
|---|---|
| JOSEPH ANTHONY JACONIA, individually and as Executor and Executor ad Prosequendum of the Estate of LAMONA JACONIA;<br><br>            Plaintiffs,<br><br>      v.<br><br>3M COMPANY, f/k/a Minnesota Mining and Manufacturing Co.; AVCO CORPORATION; AVON PRODUCTS, INC.; BLUE BIRD BODY COMPANY; BORG-WARNER MORSE TEC LLC, f/k/a Borg Warner; BRENNTAG NORTH AMERICA, as a successor-in-interest to Mineral Pigment Solutions, Inc. as a successor-in-interest to Whittaker, Clark & Daniels, Inc.; BREENTAG SPECIALTIES INC., f/k/a Mineral Pigment Solutions, Inc., as successor-in-interest to Whitaker, Clark & Daniels, Inc.; BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, formerly known as the Firestone Tire & Rubber Co.; CARLISLE INDUSTRIAL BRAKE & FRICTION, INC.; CHATTEM, INC; COLGATE-PALMOLIVE COMPANY, as a successor-in-interest to The Mennen Company; CONOPCO, INC; CUMMINS, INC.; CURTISS-WRIGHT CORPORATION;DANA COMPANIES, LLC f/k/a Dana Corporation; | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY<br><br><br>DOCKET NO.: MID-L-2995-17AS<br><br><br>**Civil Action – Asbestos Litigation**<br><br><br>**AMENDED COMPLAINT, JURY DEMAND,<br>DEMAND FOR ANSWERS TO STANDARD INTERROGATORIES AND DESIGNATION OF TRIAL COUNSEL** |

{00409204.DOCX}

FORD MOTOR COMPANY; GENERAL
ELECTRIC COMPANY; GENUINE PARTS
COMPANY; HONEYWELL
INTERNATIONAL,INC., as successor-
in-interest to the Bendix
Corporation; IMERYS TALC AMERICAN,
INC., individually and as
successor-in-interest to American
Talc Company, Metropolitan Talc,
Charles Mathieu, Inc., Resource
Processors, Inc. and Windsor
Minerals, Inc.; JOHNSON & JOHNSON;
JOHNSON & JOHNSON CONSUMER INC.;
MAREMONT CORPORATION;MERITOR, INC.;
MIDAS INTERNATIONAL CORPORATION;
NATIONAL AUTOMOTIVE PARTS
ASSOCIATION; NAVISTAR, INC.; NEW
AVON, LLC;NISSAN NORTH AMERICA,
INC.; PACCAR, INC.; PFIZER, INC.;
PNEUMO-ABEX, LLC, as successor-in-
interest to Abex Corporation;
REDDAWAY MANUFACTURING COMPANY;
ROBERT BOSCH, LLC;TOYOTA MOTOR
SALES, U.S.A., INC.; UNI-BOND
BRAKE, LLC; UNILEVER UNITED STATES,
INC.;UNITED TECHNOLOGIES
CORPORATION; WHITTAKER, CLARK &
DANIELS, INC.; John Doe Corporations
1-50 and John Doe Corporations 51-
100, **IMERYS USA, INC. and IMERYS
TALC VERMONT, INC.**

                    Defendants.

Plaintiff, Joseph Anthony Jaconia, individually and as Executor and Executor ad Prosequendum of the Estate of Lamona Jaconia, by way of complaint against Defendants alleges and says:

{00409204.DOCX}

## PARTIES - PLAINTIFFS

1.    Plaintiff, Joseph Anthony Jaconia, is the widow of Lamona Jaconia, residing at 976 Kirk Road, Williamstown, NJ 08094.

2.    Decedent, Lamona Jaconia, ("Decedent" or "Mrs. Jaconia") died due to complications related to mesothelioma, on or about January 30, 2017, caused by exposure to Defendants' asbestos-containing products. (Exhibit A)

3.    Plaintiff, Joseph Anthony Jaconia, was appointed the Executor of the Estate of Lamona Jaconia by the Gloucester County Surrogate's Office of New Jersey on April 7, 2017. A copy of the Letters Testimentary are attached as Exhibit B. N.J.S.A. 2A:31-2 authorizes Plaintiff, Joseph Anthony Jaconia, to bring this action against the Defendants referred to in this Complaint as Defendants on behalf of Decedent, Lamona Jaconia, and Decedent's survivors.  Plaintiff brings this action pursuant to N.J.S.A. 2A:31-1, et seq. and 2A:15-3.

4.    Since at least 1953, the Decedent, Lamona Jaconia, regularly and frequently used and was exposed to asbestos-containing cosmetic talc powder products, the use of which generated dust and exposed her to respirable asbestos fibers. Decedent, Lamona Jaconia's exposure to respirable asbestos fiber

from the respective asbestos-containing talc products, mined, manufactured, supplied, marketed and/or sold by the Defendants (and their predecessors in interest) proximately caused her mesothelioma.

5.    Decedent, Lamona Jaconia, was also regularly and frequently exposed to respirable asbestos fibers and dust brought home on the clothing of her husband, Joseph Anthony Jaconia, from approximately 1953 to 1968 and 1979 to 2004. From 1953, when Mr. and Mrs. Jaconia were married, until 1968, Mr. Jaconia was a supply Sergeant and aircraft mechanic in the United States Airforce. Through this employment, Mr. Jaconia worked with and around various asbestos-containing aircraft parts, generating asbestos-containing dust and fibers, which he brought home on his person and clothing. From 1979 to 2004, Mr. Jaconia worked as an automotive mechanic for Camden County Department of Public Works. Through this employment, Mr. Jaconia worked with and around various asbestos-containing automobiles and automotive parts, generating asbestos-containing dust and fibers, which he brought home on his person and clothing. Mrs. Jaconia subsequently inhaled respirable asbestos fibers from Defendants' products through physical contact with Mr. Jaconia and while laundering his clothes, which proximately caused her mesothelioma.

{00409204.DOCX}

6.    As    a    direct    and    proximate    result    of    the    above
exposures, Decedent, Lamona Jaconia, contracted mesothelioma and
suffered    from    various    diverse    injuries    and    attendant
complications which resulted in her death.

## PARTIES - DEFENDANTS

7. Defendants, 3M COMPANY, f/k/a Minnesota Mining and
Manufacturing Co.; AVCO CORPORATION; AVON PRODUCTS, INC.;
BLUE BIRD BODY COMPANY; BORG-WARNER MORSE TEC LLC, f/k/a Borg
Warner; BRENNTAG NORTH AMERICA, as a successor-in-interest to
Mineral Pigment Solutions, Inc. as a successor-in-interest to
Whittaker, Clark & Daniels, Inc.; BREENTAG SPECIALTIES INC.,
f/k/a Mineral Pigment Solutions, Inc., as successor-in-interest
to Whitaker, Clark & Daniels, Inc.; BRIDGESTONE AMERICAS TIRE
OPERATIONS, LLC, formerly known as the Firestone Tire & Rubber
Co.; CARLISLE INDUSTRIAL BRAKE & FRICTION, INC.; CHATTEM, INC;
COLGATE-PALMOLIVE COMPANY, as a successor-in-interest to The
Mennen Company; CONOPCO, INC; CUMMINS, INC.; CURTISS-WRIGHT
CORPORATION;DANA COMPANIES, LLC f/k/a Dana Corporation; FORD
MOTOR COMPANY; GENERAL ELECTRIC COMPANY; GENUINE PARTS COMPANY;
HONEYWELL INTERNATIONAL,INC., as successor-in-interest to the
Bendix Corporation; IMERYS TALC AMERICAN, INC., individually and
as successor-in-interest to American Talc Company, Metropolitan
Talc, Charles Mathieu, Inc., Resource Processors, Inc. and
Windsor Minerals, Inc.; JOHNSON & JOHNSON; JOHNSON & JOHNSON

CONSUMER INC.; MAREMONT CORPORATION;MERITOR, INC.;

MIDAS INTERNATIONAL CORPORATION; NATIONAL AUTOMOTIVE PARTS \

ASSOCIATION; NAVISTAR, INC.; NEW AVON, LLC;NISSAN NORTH AMERICA,

INC.; PACCAR, INC.; PFIZER, INC.; PNEUMO-ABEX, LLC, as successor-

in-interest to Abex Corporation; REDDAWAY MANUFACTURING COMPANY;

ROBERT BOSCH, LLC;TOYOTA MOTOR SALES, U.S.A., INC.; UNI-BOND

BRAKE, LLC; UNILEVER UNITED STATES, INC.;UNITED TECHNOLOGIES

CORPORATION; WHITTAKER, CLARK & DANIELS, INC.; IMERYS USA, INC.

and IMERYS TALC VERMONT, INC., were manufacturers, suppliers or

distributors of asbestos fibers, dust, minerals, particles and

other finished and unfinished asbestos-containing products,

including asbestos-containing talc, and talcum powder products,

that Decedent, Lamona Jaconia, used or to which she was exposed.

8. John Doe Corporations 1 through 50 are the fictitious names

of corporations, partnerships, and/or other business entities

whose identities are not presently known, and who mined, milled,

manufactured, sold, marketed, and/or removed talc, including

asbestos-containing talc, or asbestos-containing products, that

Decedent, Lamona Jaconia, used or to which she was exposed.

9.  John  Doe  Corporations  51  through  100  are  the

fictitious  names  of  corporations,  partnerships,  and/or  other

business  entities  whose  identities  are  not  presently  known,  as

well  as  those  who  are  the  alter  egos  of  or  are  otherwise

responsible for the conduct or liability of those who mined, milled, manufactured, sold, marketed, and/or removed talc, including asbestos-containing talc, or asbestos-containing products, that Lamona Jaconia, used or to which she was exposed.

10. The term "Defendants" refers to all of the entities named above.

## FIRST COUNT

11. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 10 as though hereinafter set forth at length.

12. The Defendants conduct and/or have conducted business in New Jersey at all time relevant herein.  The Defendants breached their warranties, both express and implied, for fitness of purpose and merchantability.

13. The Defendants are strictly liable in tort.

14. As a direct and proximate result of Defendants' negligence, breach of warranties, both express and implied, and strict liability in tort, the Decedent, Lamona Jaconia, contracted mesothelioma and suffered from other various diverse injuries and attendant complications.

15. It was foreseeable to the Defendants that the Decedent, Lamona Jaconia, and other similarly situated, would be injured as a result of the Defendants' actions and misconduct.

{00409204.DOCX}

**WHEREFORE,** Plaintiff demands judgment against the Defendants, jointly and severally for:

    a) Compensatory damages;

    b) Punitive damages;

    c) Pre-judgment and post judgment interest;

    d) Costs;

    e) Attorney fees and litigation expenses; and

    f) Such other relief as the Court may deem just and
       proper.

## SECOND COUNT

16. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 15 as though hereinafter set forth at length.

17. The Defendants, jointly and severally, marketed an ultra-hazardous product and placed that product in the stream of commerce.

18. As a direct and proximate result of the Defendants' actions, the Decedent, Lamona Jaconia contracted mesothelioma and suffered from other various diverse injuries and attendant complications which resulted in her death.

**WHEREFORE,** Plaintiff demands judgment against the Defendants, jointly and severally for:

    a) Compensatory damages;

b) Punitive damages;

c) Pre-judgment and post judgment interest;

d) Costs;

e) Attorney fees and litigation expenses; and

f) Such other relief as the Court may deem just and
proper.

## THIRD COUNT

19. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 18 as though hereinafter set forth at length.

20. Defendants' breached their non-delegable duty to warn and negligently supplied defective materials and products without ensuring that the Decedent Lamona Jaconia, Plaintiff Joseph Anthony Jaconia, and his employers were warned about the dangers of asbestos exposure.

21. Defendants' actions prevented Decedent Lamona Jaconia and Plaintiff Joseph Anthony Jaconia from educating themselves on the dangers of asbestos exposure and from taking action to minimize the risks of exposure in and out of the home and workplace.

22. As a direct and proximate result of the Defendants' actions and inaction, the Decedent, Lamona Jaconia, contracted

mesothelioma and suffered from other various diverse injuries and attendant complications.

**WHEREFORE,** Plaintiff demands judgment against the Defendants, jointly and severally for:

    a) Compensatory damages;

    b) Punitive damages;

    c) Pre-judgment and post judgment interest;

    d) Costs;

    e) Attorney fees and litigation expenses; and

    f) Such other relief as the Court may deem just and proper.

## FOURTH COUNT

23. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 22 as though hereinafter set forth at length.

24. Defendants willfully, wantonly and intentionally conspired, and acted in concert, to withhold information from the Decedent, Lamona Jaconia, her husband Joseph Anthony Jaconia, and his employers, as well as the general public concerning the known hazards associated with the use of, and exposure to, asbestos-containing products, and talc, including asbestos-containing talc.

{00409204.DOCX}

25.  Defendants  willfully,  wantonly  and  intentionally conspired, and acted in concert, to withhold information from the  Decedent,  Lamona  Jaconia,  her  husband  Joseph  Anthony Jaconia,  and  his  employers,  as  well  as  the  general  public relating  to  the  fact  that  asbestos  fiber  inhalation  could  be fatal.

26.  Defendants  willfully,  wantonly  and  intentionally conspired, and acted in concert, to disseminate false product safety information to the Decedent, Lamona Jaconia, her husband Joseph  Anthony  Jaconia,  and  his  employers,  as  well  as  the general public.

27.  Defendants  willfully,  wantonly  and  intentionally conspired, and acted in concert, to prevent the dissemination of information concerning their products' hazards and dangers.

28.  Defendants  willfully,  wantonly  and  intentionally failed  to  take  appropriate  action  to  minimize  the  risks  of asbestos exposure to the Decedent, Lamona Jaconia, her husband Joseph  Anthony  Jaconia,  and  his  employers,  as  well  as  the general public.

29.  As  a  direct  and  proximate  result  of  Defendants' willful,  wanton  and  intentional  acts,  Decedent,  Lamona  Jaconia, contracted mesothelioma and suffered from other various diverse injuries and attendant complications.

**WHEREFORE,** Plaintiff demands judgment against the Defendants, jointly and severally for:

      a) Compensatory damages;

      b) Punitive damages;

      c) Pre-judgment and post judgment interest;

      d) Costs;

      e) Attorney fees and litigation expenses; and

      f) Such other relief as the Court may deem just and proper.

## FIFTH COUNT

**(Product Liability Act Claim as to Defendants, AVON PRODUCTS, INC.; NEW AVON, LLC; JOHNSON & JOHNSON; JOHNSON & JOHNSON CONSUMER INC.; WHITAKER, CLARK & DANIELS, INC.; BRENNTAG NORTH AMERICA, as a successor-in-interest to Mineral Pigment Solutions, Inc., as a successor-in-interest to Whittaker, Clark & Daniels, Inc.; BRENNTAG SPECIALTIES, INC., f/k/a Mineral Pigment Solutions, Inc., as a successor-in-interest to Whittaker, Clark & Daniels, Inc.; CYPRUS AMAX MINERALS COMPANY, individually and as successor-in-interest to American Talc Company, Metropolitan Talc, Charles Mathieu, Inc., Resource Processors, Inc. and Windsor Minerals, Inc.; IMERYS TALC AMERICAN, INC., individually and as successor-in-interest to American Talc Company, Metropolitan Talc, Charles Mathieu, Inc., Resource Processors, Inc. and Windsor Minerals, Inc.; COLGATE-PALMOLIVE COMPANY, as a successor-in-interest to The Mennen Company; CONOPCO, INC.; UNILEVER UNITED STATES INC.; CHATTEM, INC.; and PFIZER, Inc.; IMERYS USA, INC. and IMERYS TALC VERMONT INC.)**

30. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 29 as though hereinafter set forth at length. Defendants are <u>strictly liable</u> to Plaintiffs by reason of the following:

{00409204.DOCX}

(a)    Defendants were engaged in the business of being a  miner,  miller,  designer,  manufacturer,  producer, processor,  seller,  supplier,  and  distributor  of  their asbestos  and  asbestos-containing  products,  including asbestos-containing talc;

(b)    Defendants knew or had reason to know that Decedent,  Lamona  Jaconia,  and  other  persons  similarly situated  would  be  ultimate  users  or  consumers  of  their asbestos  and  asbestos-containing  products  or  would  be exposed to their asbestos and asbestos-containing products, including asbestos-containing talc;

(c)    Defendants  sold  or  otherwise  placed  their asbestos-containing  products,  including  asbestos-containing talc,  into  the  stream  of  commerce  in  a  defective  condition, unreasonably  dangerous  to  Decedent,  Lamona  Jaconia,  and other persons similarly situated;

(d)    Throughout  the  many  years  that  Decedent,  Lamona Jaconia,  and  other  similarly  situated  persons  were  exposed to  and  used  Defendants'  asbestos-containing  products, including  asbestos-containing  talc,  said  asbestos-containing products reached the users and consumers without substantial  change  in  the  condition  in  which  they  were sold;

(e)    The ordinary and foreseeable use of Defendants' asbestos-containing products, including asbestos-containing talc, constituted a dangerous and ultrahazardous activity and created an unreasonable risk of injury to users and bystanders;

(f)    Defendants' asbestos and asbestos-containing products, including asbestos-containing talc, were defective in that they deviated from the design specifications and/or standards set forth by the manufacturer and were incapable of being made safe for their ordinary and intended use and purpose due to their defective design, and Defendants failed to give any warnings or instructions, or failed to give adequate or sufficient warnings or instructions about the risks, dangers and harm associated with the use of its asbestos and asbestos-containing products, including asbestos-containing talc.

35. As a consequence of the defective condition of Defendants' asbestos containing-products, including asbestos-containing talc, and Defendants' failure to warn, Decedent, Lamona Jaconia, inhaled or ingested asbestos dust and fibers during ordinary and foreseeable use of those asbestos-containing products. Decedent, Lamona Jaconia, was caused to suffer the

injuries, expenses and losses, including severe pain, suffering, and mental anguish as alleged in prior counts of this Complaint.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally for:

  a) Compensatory damages;

  b) Punitive damages;

  c) Pre-judgment and post judgment interest;

  d) Costs;

  e) Attorney fees and litigation expenses; and

  f) Such other relief as the Court may deem just and proper.

## SIXTH COUNT

36. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 35 as though hereinafter set forth at length.

37. The Defendants' aforesaid were willful, intentionally withheld from the Decedent Lamona Jaconia, and her family, including her husband, the known dangers associated with the use of asbestos and asbestos-containing products, second hand exposure, household exposure and intentionally withheld from the Decedent's knowledge that breathing in asbestos on clothes of family members can be fatal. They issued information, which they knew to be false concerning their product safety, and did willfully, wantonly, and intentionally prevent the dissemination

{00409204.DOCX}

of information known to them concerning the products' hazards and dangers, and willfully, wantonly, and intentionally failed to take the appropriate steps to minimize the risks of asbestos exposure, and otherwise acted willfully, wantonly, and intentionally with reference to their products.

38. As a direct and proximate result of the willful, wanton, and intentional acts of the Defendants, both jointly and severally, the Decedent, Lamona Jaconia, was caused to contract mesothelioma and various other diverse complications and injures.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally for:

a) Compensatory damages;

b) Punitive damages;

c) Pre-judgment and post judgment interest;

d) Costs;

e) Attorney fees and litigation expenses; and

f) Such other relief as the Court may deem just and proper.

### SEVENTH COUNT

39. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 38 as though hereinafter set forth at length.

{00409204.DOCX}

40. Plaintiff, Joseph Anthony Jaconia, was the husband of Decedent, Lamona Jaconia.

41. Due to the actions of the Defendants, the Plaintiff, Joseph Anthony Jaconia, was wrongfully deprived of his wife's society, services, and consortium.

**WHEREFORE,** Plaintiff demands judgment against the Defendants, jointly and severally for:

a) Compensatory damages;

b) Punitive damages;

c) Pre-judgment and post judgment interest;

d) Costs;

e) Attorney fees and litigation expenses; and

f) Such other relief as the Court may deem just and proper.

Plaintiff hereby incorporates by reference all allegations set forth in the Standard Complaint, as amended, which is contained in the asbestos Manual. A copy of the Asbestos Manual which contains the Standard Complaint can be obtained from the Middlesex County Mass Tort Clerk or by visiting the following website:

http://www.judiciary.state.nj.us/mass-tort/asbestos/asbestos_amended_std_complaint.pdf

{00409204.DOCX}

## DISCLAIMER OF FEDERAL JURISDICTION

Plaintiff specifically disclaims any federal cause of action of any claim that would give rise to federal jurisdiction. To the extent that any of Plaintiff's asbestos exposure took place on a federal enclave, or to the extent that any of Plaintiff's asbestos exposure occurred on board vessels of the United States military (including Naval ships), or in the construction, maintenance and/or repair of United States military vessels and/or aircraft, Plaintiff's negligence claims against manufacturers, sellers, and suppliers of asbestos-containing products installed on such vessels and/or aircraft are not based on the theory of defective design, but rather are based only on the theory of failure to warn. Since there is no evidence that the United States Government or any of its military branches, specifically instructed manufacturers from which it purchased asbestos-containing products not to warn about the health hazards associated with exposure to asbestos, there can be no valid claim to federal jurisdiction pursuant to federal enclave, federal officer, or federal contractor provisions of the United States Code. This disclaimer pertains to all of Plaintiff's claims, including those of negligence and products liability, as asserted herein.

{00409204.DOCX}

## JURY DEMAND

Plaintiff demands trial by jury as to all issues of fact so triable.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, notice is hereby given that Amber R. Long, Esq. is designated as trial counsel in the above captioned matter.

## DEMAND FOR INTERROGATORIES

Pursuant to the Asbestos Litigation General Order, Section VI.B, which can be found at ttp:// www. judiciary.state.nj. us/masstort/asbestos/manual/genera lorder1.pdf, Plaintiff hereby demands that the above listed Defendants answer Standard Interrogatories in the form prescribed by the Court and within the time provided by the above referenced Order. A copy of the Standard Interrogatories is contained in the Asbestos Manual and may be obtained from the Clerk or by visiting the following website: http://www.judiciary.state.nj.us/masstort/asbestos/manual/asbest osmanual050306.pdf.

## CERTIFICATION PURSUANT TO R. 4:5-1

Pursuant to Rule 4:5-1, I certify that the matter in controversy is not the subject of any other action pending in any court, or of a pending arbitration proceeding, that no other action or arbitration proceeding is contemplated, and that I am

{00409204.DOCX}

not aware of any non-party who should be joined in this action pursuant to R. 4:28 or who is subject to joinder pursuant to R. 4:29-1(b) because of potential liability to any party on the basis of the same facts.

I further certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false that I am subject to punishment.

<div style="margin-left:40%">

LEVY KONIGSBERG, LLP
*Attorneys for Plaintiff*

</div>

By: _____
           Robert Ellis, Esq.

Dated: May 21, 2018

# EXHIBIT A

# LOCAL REGISTRAR'S CERTIFICATION OF DEATH

WARNING: It is illegal to duplicate this copy by photostat or photograph.

ee for this certificate, $6.00

This is to certify that the information here given is correctly copied from an original Certificate of Death duly filed with me as Local Registrar. The original certificate will be forwarded to the State Vital Records Office for permanent filing.

P 23598999
Certification Number

_Helen Hooven_
Local Registrar

2/3/17
Date Issued

---

**COMMONWEALTH OF PENNSYLVANIA • DEPARTMENT OF HEALTH • VITAL RECORDS**
## CERTIFICATE OF DEATH

1. Decedent's Legal Name (First, Middle, Last, Suffix): LAMONA O. TACONIA
2. Sex: Female
3. Social Security Number: [redacted]
4. Date of Death: JAN 30 2017

Cause of Death:

IMMEDIATE CAUSE: CARDIAC ARREST
Due to: Respiratory Failure
Due to: malignant meso Helioma

Part II: malignant mesothelioma with pleural effusion

Signature of certifier: MARIYA Vengrayuk    Title: M.D.    License Number: MT 212010

Disposition Permit No. 132233

EXHIBIT B

# State of New Jersey
# Gloucester County Surrogate's Court

In the Matter of the Estate of
**Lamona Oma Jaconia**, Deceased

**LETTERS TESTAMENTARY**

**Docket Number: 17-00604**

I, Helene M. Reed, Surrogate, do hereby certify the annexed to be a true copy of the Last Will and/or Codicil(s) of the above named decedent, late of the County of **Gloucester**, State of **New Jersey**, admitted to probate by the Surrogate of **Gloucester** County, and that Letters Testamentary were issued to **Joseph Anthony Jaconia** the **Executor** named therein,  who is (are) duly authorized to take upon himself/herself (themselves) the administration of the said testator agreeably to the said Will and/or Codicil(s).

WITNESS my hand and seal of office,
this **7th day of April, 2017.**



Helene M. Reed, Surrogate